**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JOSEPH AL HASBANI, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | Case No. 24-cv-11790 |
| | ) | |
| v. | ) | |
| | ) | Judge Sharon Johnson Coleman |
| KRISTI NOEM, in her official | ) | |
| capacity as Secretary of Homeland Security, | ) | |
| et al.,[1] | ) | |
| | ) | |
| *Defendants.* | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Joseph Al Hasbani ("Plaintiff") brings his complaint against Defendants Kristi Noem in her official capacity as Secretary of the U.S. Department of Homeland Security, Kash Patel in his official capacity as Director of the Federal Bureau of Investigation, Kevin Riddle in his official capacity as the Chicago Field Office Director of the United States Citizenship and Immigration Services ("USCIS"), and Marco Rubio in his official capacity as Secretary of the U.S. Department of State (collectively "Defendants"). In his complaint, Plaintiff seeks a writ of mandamus compelling Defendants to adjudicate his Form I-589, Application for Asylum and for Withholding of Removal ("Form I-589") after failing to timely do so pursuant to 5 U.S.C. § 555(b) of the Administrative Procedure Act.

Before the Court is Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(3) and 12(b)(6). For the following reasons, the Court grants Defendants' motion [7].

---

[1] The caption has been changed to reflect that Kristi Noem was sworn in as Secretary of Homeland Security on January 25, 2025. Similarly, Marco Rubio was sworn in as Secretary of State on January 21, 2025, Kash Patel was sworn in as Director of the Federal Bureau of Investigation ("FBI") on February 21, 2025, and Kevin Riddle is now the Chicago Field Office Director of USCIS. The Court substitutes the caption accordingly. *See* Fed. R. Civ. P. 25(d).

## Background

Plaintiff is a citizen of Lebanon currently residing in Phoenix, Arizona. (Dkt. 1, Ex. 3.) According to his complaint, Plaintiff fled his home country fearing persecution and entered the United States on November 27, 2019. On July 13, 2020, Plaintiff filed a Form I-589. On October 9, 2020, USCIS issued an official receipt of notice of Plaintiff's application, acknowledging that Plaintiff's application was received and had been pending since July 13, 2020. This receipt notice indicates that Plaintiff's application is being processed at the USCIS Los Angeles, California Asylum Office. (*See* Dkt. 1, Ex. 3) (identifying Plaintiff's USCIS receipt number as "ZLA2146059550," of which the "ZLA" code refers to the Los Angeles, CA Asylum Office according to USCIS's Asylum Statistics Key, https://www.uscis.gov/sites/default/files/document/data/PED_AsylumStatisticsKey.pdf (last accessed April 7, 2025)). USCIS scheduled Plaintiff for biometrics collection on November 20, 2020, which he duly attended.

Plaintiff filed his complaint on November 15, 2024, alleging that as of November 14, 2024, the official USCIS case status tool states that the next step in his application is an in-person interview and that "almost four (4) years have passed since the latest update from USCIS." (Dkt. 1.) Plaintiff requests that the Court "[c]ompel Defendant and those acting under it to perform their duty to rule upon Plaintiff's I-589" and "[c]ompel the Federal Bureau of Investigation to complete its background and fingerprint process." Defendants subsequently filed a motion to dismiss under Rules 12(b)(6) and 12(b)(3) on January 7, 2025. The Court now turns to this motion

## Legal Standard

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim tests the sufficiency of the complaint, not its merits. *Skinner v. Switzer*, 562 U.S. 521, 529, 131 S. Ct. 1289, 1295, 179 L. Ed. 2d 233 (2011). To survive a motion to dismiss, a plaintiff must "state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929

(2007). A complaint is facially plausible when the plaintiff alleges "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). When considering dismissal of a complaint, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in favor of the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200 167 L. Ed. 2d 1081 (2007) (per curiam). While a plaintiff need not plead "detailed factual allegations" to survive a motion to dismiss, he still must provide more than mere "labels and conclusions or a formulaic recitation of the elements of a cause of action" for his complaint to be considered adequate. *Bell v. City of Chicago*, 835 F.3d 736, 738 (7th Cir. 2016) (quoting *Iqbal*, 556 U.S. at 678).

Under Rule 12(b)(3), a party may move for dismissal of an action that is filed in an improper venue. Once a defendant challenges the plaintiff's choice of venue, the plaintiff bears the burden of establishing that it filed its case in the proper district. *See Gilman Opco LLC v. Lanman Oil Co.*, No. 13-CV-7846, 2014 WL 1284499 (N.D. Ill. Mar. 28, 2014) (St. Eve, J.). In assessing a defendant's motion to dismiss under Rule 12(b)(3) for improper venue, a district court assumes the truth of the allegations in the plaintiff's complaint, unless contradicted by the defendant's affidavits. *Deb v. SIRVA, Inc.*, 832 F.3d 800, 810 (7th Cir. 2016). The district court court also may consider evidence outside the pleadings to determine whether the chosen venue is appropriate. *Id.*

**Discussion**

Defendants move to dismiss Plaintiff's complaint for failure to state a claim under Rule 12(b)(6) and for improper venue under Rule 12(b)(3). Before considering these arguments, the Court notes that Plaintiff provides factual allegations in his response to Defendants' motion to dismiss that were not included in his initial complaint. "Except in rare circumstances, a 'complaint may not be amended by the briefs in opposition to a motion to dismiss.'" *Smith on Behalf of Smith v. Wanabana, LLC*, No. 24-CV-02196, 2024 WL 4647867, at *3 (N.D. Ill. Oct. 31, 2024) (Coleman, J.) (quoting

*Thomason v. Nachtrieb*, 888 F.2d 1202, 1205 (7th Cir. 1989). This is not such a circumstance, and Plaintiff presents no argument to the contrary. As such the Court considers only those facts as pled in Plaintiff's complaint.

### A. Motion to Dismiss under Rule 12(b)(6)

Defendants argue that Plaintiff's complaint should be dismissed as to Defendants Patel, Riddle, and Rubio for failure to provide sufficient factual allegations regarding their failure to fulfill a legal duty to act in the adjudication of Plaintiff's Form I-589. The Court agrees. Outside of referring to these officials to support venue, Plaintiff's complaint provides no detail on the role of these three defendants or their respective agencies in adjudicating his Form I-589. Instead, the complaint describes only the role of Defendant Noem and USCIS in the adjudication process.

Absent such factual content, the Court cannot reasonably infer any liability for these three defendants. For this reason, the Court grants Defendants' motion to dismiss as to Defendants Patel, Riddle, and Rubio.

### B. Motion to Dismiss under Rule 12(b)(3)

Defendants also argue that Plaintiff's complaint should be dismissed for improper venue for failing to meet the statutory requirements of 28 U.S.C. § 1391(e). Under Section 1391(e), in "civil actions in which a defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority," venue is proper in a United States district court if (1) a defendant in the action resides in the district, (2) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated in the district, or (3) the plaintiff, if no real property is involved in the action, resides in the district.

Here, Plaintiff's complaint fails to meet all these elements. The only defendant that Plaintiff claims resides in the district is Riddle, the USCIS Director of the Chicago Field Office. But Plaintiff

does not provide any factual allegations supporting his claim that the USCIS Chicago Field Office is involved in the adjudication of his Form I-589. Instead, both Plaintiff's complaint and Defendants' motion to dismiss note that the official notice of receipt issued by USCIS for Plaintiff's Form I-589 indicates that the application is being processed at the USCIS Los Angeles, California Asylum Office. (*See* Dkt. 1, 8.) Finally, Plaintiff resides in Phoenix, Arizona, which is outside of this district court's jurisdiction, and there is no property within this district involved in this dispute.

For these reasons, the Court grants Defendants' motion to dismiss for improper venue.

**Conclusion**

For these reasons the Court grants Defendants' motion to dismiss as to Defendants Patel, Riddle, and Rubio for failure to state a claim, and grants Defendants' motion to dismiss for improper venue [7]. Plaintiff is granted leave to amend his complaint within 14 days if he has a good faith basis for believing he can cure the pleading deficiencies identified in this opinion. If Plaintiff does not file his amended complaint within 14 days from the date of this Order, Plaintiff's case will be dismissed with prejudice. The Court notes that counsel for Plaintiff filed a nearly identical complaint seeking a writ of mandamus for a similarly situated client in 24-cv-03847, which the Court dismissed because of the same pleading deficiencies identified in this opinion. Furthermore, during the initial status hearing for this case, counsel for Plaintiff highlighted that, despite this dismissal, her client in 24-cv-03847 was nonetheless able to reach a favorable disposition of his application, and asked that the government consider reaching out to its contacts in the asylum office regarding this case. The Court admonishes counsel that, regardless of the situation faced by her clients and the importance of the relief sought, all filings in federal court are subject to Fed. R. Civ. P. 11 prohibitions on filing frivolous and unmeritorious suits, and places her on notice that all future filings before this Court will be evaluated in this light.

**IT IS SO ORDERED.**

Date: 4/14/2025

Entered: _____

SHARON JOHNSON COLEMAN
United States District Judge